**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**LILIMA NAGPAL,**
**KRISHEN NAGPAL,**

**Plaintiffs,**

**v.**

**MICHAEL B. MUKASEY,**
**Attorney General,**
**U.S. Department of Justice,**

**Defendant**

**Civil Action No. 07-2032 (HHK)**

**ANSWER**

Defendant, Michael B. Mukasey, in his official capacity as head of the United States Department of Justice (Defendant), through undersigned counsel, hereby answers the Complaint filed in the above-styled action.

Defendant responds to the corresponding numbered paragraphs of the Complaint by admitting, denying or stating the following:

1. Defendant admits that Plaintiffs are married and are employed by the Federal Bureau of Investigation. Defendant is without information sufficient to form a belief as to the truth of the statement that Plaintiffs have been married for over 50 years; however, to the extent that a response is required, Defendant denies this statement. Defendant is without information sufficient to form a belief as to the truth of the statement that Plaintiffs are naturalized American citizens of Indian national origin and practitioners of the Hindu religion; however, to the extent that a response is required, Defendant denies this statement. Defendant admits that Plaintiffs are

over 70 years of age. The last sentence contained in paragraph 1 contains conclusions of law, not averments of fact, to which no response is required. To the extent a response is required, Defendant denies the last sentence contained in paragraph 1.

2. Denied.

3. Denied.

4. Denied.

5. Paragraph 5 consists of Plaintiffs' characterizations regarding the nature of their claims to which no answer is required, but to the extent an answer is deemed necessary, denied.

6. Paragraph 6 consists of Plaintiffs' request for relief, which does not set forth factual allegations to which an answer is required. To the extent a response is required, Defendant states that Plaintiffs are not entitled to the relief requested or to any relief whatsoever.

7. Defendant is without information sufficient to form a belief as to the truth of the statements contained in the first sentence of paragraph 7; however, to the extent that a response is required, Defendant denies this statement. Defendant admits the second and fifth sentences of paragraph 7. The third sentence of paragraph 7 contains conclusions of law, not averments of fact, to which no response is required. To the extent a response is required, Defendant denies the third sentence contained in paragraph 7. Defendant denies the fourth sentence of paragraph 7.

8. Defendant is without information sufficient to form a belief as to the truth of the statements contained in the first sentence of paragraph 8; however, to the extent that a response is required, Defendant denies this statement. Defendant admits the second, fourth, and

sixth sentences of paragraph 8. The third sentence of paragraph 8 contains conclusions of law, not averments of fact, to which no response is required. To the extent a response is required, Defendant denies the third sentence contained in paragraph 8. Defendant denies the fifth sentence of paragraph 8, except to admit that from September 2005 to the present, Plaintiff Krishen Nagpal has been employed by the FBI as a language specialist.

9. Defendant denies the first and second sentences contained in paragraph 9. Defendant admits that he is being sued in his official capacity as head of the United States Department of Justice.

10. The first sentence contained in paragraph 10 consists of Plaintiffs' characterization of the Court's jurisdiction over this action, a conclusion of law to which no response is required. The second and third sentences contained in paragraph 10 consists of Plaintiffs' characterizations concerning their rights to relief, which are conclusions of law not averments of fact, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 10.

11. Paragraph 11 contains Plaintiffs' allegations as to venue which is a conclusion of law to which no response is required.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, except to state that the FBI had previously employed Plaintiff Krishen Nagpal on a contract basis.

14. Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 14, except to state that Plaintiff Krishen Nagpal commenced employment with the FBI as an Intelligence Analyst in the Weapons of Mass Destruction Unit in November 2004.

15. Admitted.

16. Admitted.

17. Denied.

18. Defendant admits the allegations contained in the first sentence of paragraph 18. Defendant denies the allegations contained in second sentence of paragraph 18.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Defendant denies the allegations contained in the first sentence of paragraph 25, except to admit that the FBI employee assigned to agro-terrorism was allowed to attend the agro-terrorism conference as that was her specialty. Defendant admits the allegations contained in the second sentence of paragraph 25.

26. Denied.

27. Defendant denies the allegations contained in paragraph 27, except to admit that paragraph 27 contains some of Plaintiff Krishen Nagpal's assignments.

28. Denied.

29. Denied.

30. Denied.

31. Defendant denies the allegations contained in paragraph 31, except to admit that Ms. Willeke did comment to Plaintiff Krishen Nagpal concerning "blondes with highlighted hair and big boobs," but not in the context set forth in paragraph 31.

32. Denied.

33. Admitted.

34. Denied.

35. Defendant admits the first and second sentences contained in paragraph 35. Defendant denies the third sentence contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36, except to admit that Plaintiff Krishen Nagpal requested to speak with his wife.

37. Admitted.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 38. Defendant admits the allegations contained in the second sentence of paragraph 38.

39. Denied.

40. Defendant denies the allegations contained in paragraph 40, except to admit that Ms. Felder agreed to contact the FBI's retirement office to determine whether he could retire from the FBI.

41. Defendant denies the allegations contained in paragraph 41, except to admit that the parties moved to Ms. Felder's office in order to complete the process.

42. Denied.

43. Denied, except to admit that Plaintiff Krishen Nagpal's access card was confiscated and he was escorted out of the building.

44. Admitted.

45. Denied, except to admit that on September 19, 2005, Unit Chief Peter Sursi met with Ms. Felder and Ms. Willeke.

46. Denied, except to admit that Mr. Sursi advised Plaintiff s that he may be able to offer Plaintiff Krishen Nagpal a position as a contract linguist.

47. Denied, except to admit that Plaintiff Krishen Nagpal commenced employment as a language specialist with the FBI on October 2, 2005.

48. Admitted.

49. Defendant admits that allegations contained in the first sentence of paragraph 49, and denies the allegations contained in the second sentence of paragraph 49.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 50. Defendant denies the allegations contained in the second sentence of paragraph 50, except to admit that for several reasons there was a concern that Plaintiff Krishen Nagpal posed a possible security risk.

51. Denied.

52. Defendant admits that allegations contained in the first sentence of paragraph 52, and denies the allegations contained in the second sentence of paragraph 52.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54. Defendant denies the allegations contained in paragraph 54, except to admit that individuals interviewed as part of the internal investigation were informed about the internal investigation concerning Plaintiff Lilima Nagpal.

55. Admitted.

56. Admitted.

57. Denied.

58. Admitted.

59. Admitted.

60. Denied.

61. Admitted.

62. Admitted.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Paragraph 68 contains conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 68, except to admit that 180 days have elapsed since Plaintiff Krishen Nagpal filed his administrative complaint of discrimination.

69. Paragraph 69 contains conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph

69, except to admit that 180 days have elapsed since Plaintiff Lilima Nagpal filed her administrative complaint of discrimination.

**COUNT 1**

70. Defendant herein incorporates the responses to paragraphs 1 through 69.

71. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71.

72. Denied.

73. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73.

74. Denied.

75. Paragraph 75 contains conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 75, except to admit that the investigation became known to Plaintiff Lilima Nagpal's supervisors when they were interviewed during the investigation.

76. Paragraph 76 contains conclusions of law, not averments of fact, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 76.

77. Paragraph 77 contains conclusions of law, not averments of fact, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 77.

**COUNT II**

78. Defendant herein incorporates the responses to paragraphs 1 through 77.

79. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79.

80. Denied.

81. Denied.

82. Paragraph 82 contains conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 82, except to admit that Plaintiff Krishen Nagpal remained employed by the FBI as a GS-12 language specialist.

83. Paragraph 83 contains conclusions of law, not averments of fact, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 83.

84. Paragraph 84 contains conclusions of law, not averments of fact, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 84.

**COUNT III**

85. Defendant herein incorporates the responses to paragraphs 1 through 84.

86. Paragraph 86 contains conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 86, except to admit that Plaintiff Lilima Nagpal previously filed an EEO complaint in 2002, which was subsequently settled.

87. Denied.

88. Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 88.

89. Denied.

90. Paragraph 90 contains conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 90, except to admit that the investigation became known to Plaintiff Lilima Nagpal's supervisors when they were interviewed during the investigation.

91. Paragraph 91 contains conclusions of law, not averments of fact, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 91.

92. Paragraph 92 contains conclusions of law, not averments of fact, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 92.

**COUNT IV**

93. Defendant herein incorporates the responses to paragraphs 1 through 92.

94. Paragraph 94 contains conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 94, except to admit that an EEO counselor met with Plaintiff Krishen Nagpal's supervisors regarding his claims.

95. Denied.

96. Denied.

97. Paragraph 97 contains conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph

97, except to admit that Plaintiff Krishen Nagpal remained employed by the FBI as a GS-12 language specialist.

98. Paragraph 98 contains conclusions of law, not averments of fact, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 98.

99. Paragraph 99 contains conclusions of law, not averments of fact, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 99.

**COUNT V**

100. Defendant herein incorporates the responses to paragraphs 1 through 99.

101. Admitted.

102. Denied.

103. Denied.

104. Paragraph 104 contains conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 104, except to admit that Plaintiff Krishen Nagpal remained employed by the FBI as a GS-12 language specialist.

105. Paragraph 105 contains conclusions of law, not averments of fact, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 105.

106. Paragraph 106 contains conclusions of law, not averments of fact, to which no response is required. To the extent that a response is required, Defendant denies the

allegations contained in paragraph 106.

**COUNT VI**

107. Defendant herein incorporates the responses to paragraphs 1 through 106.

108. Paragraph 108 contains conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 108, except to admit that Plaintiff Lilima Nagpal previously filed an EEO complaint in 2002, which was subsequently settled.

109. Denied.

110. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110.

111. Denied.

112. Paragraph 112 contains conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 112, except to admit that the investigation became known to Plaintiff Lilima Nagpal's supervisors when they were interviewed during the investigation.

113. Paragraph 113 contains conclusions of law, not averments of fact, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 113.

114. Paragraph 114 contains conclusions of law, not averments of fact, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 114.

**COUNT VII**

115. Defendant herein incorporates the responses to paragraphs 1 through 115.

116. Paragraph 116 contains conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 116, except to admit that an EEO counselor met with Plaintiff Krishen Nagpal's supervisors regarding his claims.

117. Denied.

118. Denied.

119. Paragraph 119 contains conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 119, except to admit that Plaintiff Krishen Nagpal remained employed by the FBI as a GS-12 language specialist.

120. Paragraph 120 contains conclusions of law, not averments of fact, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 120.

121. Paragraph 121 contains conclusions of law, not averments of fact, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 121.

The remainder of the Complaint consists of Plaintiffs' Prayer for Relief, which does not set forth factual allegations to which an answer is required. To the extent a response is required, Defendant states that Plaintiffs are not entitled to the relief requested or to any relief whatsoever. Defendant states that Plaintiffs are not entitled to a jury trial or compensatory

damages for their claims brought pursuant to the Age Discrimination in Employment Act. Defendant further avers that any award of compensatory damages for Plaintiffs' Title VII claims would be subject to and limited by 42 U.S.C. § 1981a, and that neither liquidated nor exemplary damages may be awarded in this action. Any relief would also be limited by 42 U.S.C. § 2000e-5(g)(2)(B).

All allegations contained in the Complaint not heretofore specifically admitted, modified, or denied are hereby generally denied as completely as if separately and specifically denied.

**FIRST DEFENSE**

Plaintiffs fail to state a claim for which relief can be granted.

**SECOND DEFENSE**

Plaintiffs may have failed to exhaust their administrative remedies and their filing may be untimely.

**THIRD DEFENSE**

Assuming the trier of fact determines that Plaintiffs' race, religion, gender, age, national origin, age, or reprisal was a motivating factor in any of Defendant's decisions, Defendant would still have made the same employment decision absent any such unlawful motivation.

**FOURTH DEFENSE**

Plaintiffs have failed to mitigate their damages.

**FIFTH DEFENSE**

Defendant reserves the right to assert affirmatively any other defense that

constitutes an avoidance or affirmance under Federal Rules of Civil Procedure 8(c).

**WHEREFORE**, Defendant requests that the Court dismiss the Complaint and award Defendant such other relief as the Court may deem appropriate, including costs.

Dated: January 14, 2008

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/
MARIAN L. BORUM, D.C. Bar #435409
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

OF COUNSEL:

Kathleen O'Neill-Taylor
Assistant General Counsel
Office of the General Counsel
Employment Law Unit I
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
PA - 400
Washington, D.C. 20535