UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LILIMA NAGPAL,<br>KRISHEN NAGPAL,<br><br>　　　Plaintiffs,<br><br>v.<br><br>MICHAEL B. MUKASEY,<br>　Attorney General,<br>　U.S. Department of Justice,<br><br>　　　Defendant | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. 07-2032 (HHK)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT LOCAL RULE 16.3 REPORT**

The parties, having conferred by telephone, hereby provide this Report to the Court, in accordance with Local Rule 16.3(d).

Plaintiff's Statement of the Case: This case arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-16 and the Age Discrimination in Employment Act, as amended, 29 U.S.C. Section 621 et. seq. and seeks remedy for defendant's discrimination (age, religion, national origin) and retaliation (engagement in protected EEO activity) against plaintiffs Krishen and Lily Nagpal. Defendant discriminated and retaliated against Dr. Nagpal by baselessly terminating his employment as an Intelligence Analyst with the FBI's Counter-terrorism Division which forced him to accept a reassignment at a reduced grade level in another division of the FBI. When Mrs. Nagpal sought the intervention of an EEO counselor and took other action to prevent the agency from unlawfully terminating Dr. Nagpal, she herself became

the victim of discrimination and reprisal by being subjected to a serious internal investigation at the instigation of the managers who tried to terminate her husband's employment. That investigation placed Mrs. Nagpal's long and unblemished career under a cloud and caused her to lose a promotional opportunity and step increase.

Defendant's Statement of the Case:

Plaintiffs Lilima Nagpal and Krishen Nagpal seek to redress alleged discrimination and retaliation based upon national origin, religion and age. See Complaint ¶¶ 6, 76, 83, 105, 113. Defendant denies any acts of discrimination and/or retaliation. Defendant further avers that any employment decisions were for legitimate, non-discriminatory reasons.

In addition, pursuant to Local Rule 16.3(d), the parties state the following:

1. Dispositive Motions: There are no pending motions at this time. Plaintiff takes the position that this case is unlikely to be resolved by dispositive motion. Defendant believes the case may be resolved by dispositive motion.

2. Joinder of Parties/Amendment of Complaint/Narrowing of Issues: The parties do not anticipate that any additional parties will be joined or that pleadings will be amended. The parties do not believe that the issues in the case can be further narrowed prior to discovery or trial.

3. Magistrate: The parties consent to referral of the case to a Magistrate Judge for settlement purposes and/or discovery disputes.

4. Possibility of Settlement/ADR: Plaintiff is amenable to engaging in settlement talks at any time. Defendant plans to file a Motion for Summary Judgment at the conclusion of discovery. To the extent that this case survives a motion for summary judgment, defendant may be willing to submit to mediation.

5. <u>Dispositive Motions</u>:  Defendant anticipates filing a motion for summary judgment. The Parties propose that any motion for summary judgment shall be filed within forty-five (45) days after the close of discovery; that the responding party shall also have forty-five (45) days to file an Opposition; and that thirty (30) days shall be allowed for any Reply.

6. <u>Initial Disclosures</u>: The parties requests that initial disclosures be made approximately forty-five (45) days after the Court issues the Initial Scheduling Order.

7. <u>Discovery</u>: The parties submit that discovery should begin on April 7 and end on September 8, 2008 (five months).  It is understood that one or both parties may seek leave from the Court to increase these limits at a future time.

Defendant avers that these claims were investigated at during the EEO process.  During discovery, Plaintiffs received sworn statements from the witnesses, responses to interrogatories and responses to requests for production of documents.  In light of that, Defendant requests that each party be limited to ten (10) depositions per side.  Defendant also requests that each party be limited to thirty-five (35) interrogatories, including subparts, twenty-five (25) requests for production of documents, and thirty-five (35) requests for admissions.  Plaintiff avers that additional depositions, interrogatories, and requests for production will be required due to the fact that this case encompasses personnel actions against two plaintiffs, with several agency witnesses involved in each action.  Based on agency records provided during discovery in Mrs. Nagpal's EEOC action, counsel for plaintiff identified at least thirteen (13) agency witnesses who were involved in or had knowledge important to Mrs. Nagpal's claims.  Four of those witnesses were also involved in terminating Mr. Nagpal; however, he will require several additional depositions in order to challenge the agency's alleged basis for taking that

action. Because plaintiffs must meet a high evidentiary burden on summary judgment, depositions are needed to supplement the records plaintiffs has already received, which were by no means complete. Accordingly, plaintiff asserts that at total of twenty (20) depositions, fifty (50) interrogatories, fifty (50) requests for production, and fifty (50) requests for admission should be allowed in this matter.

Counsel for both parties are committed to working cooperatively with one another to stipulate to the entry of a protective order needed to guarantee the confidentiality, and to permit the discovery and disclosure of confidential information, including information covered by the Privacy Act, 5 U.S.C. Section 522a; the Health Insurance Portability and Accountability Act, 42 U.S.C. Section 1320d et. seq.; and other statutes affecting privacy and confidentiality of parties and witnesses in litigation of this nature; and to take account of scheduling conflicts and other issues that may arise during the course of this case that are not presently foreseen.

8. Experts: Plaintiffs request that, in accordance with Rule 26(a)(a) F. R. Civ. P., the proponent of an expert witness shall make its expert disclosures within ninety (90) days prior to the date of trial, and that any rebuttal experts shall be disclosed within thirty (30) days after the disclosure made by the other party. Defendant requests that rebuttal experts be disclosed within forty-five (45) days after the disclosure made by the other party. When the parties make expert disclosures, depositions of the experts will be taken at mutually convenient times.

9. Class Action: Not applicable.

10. Bifurcation: The parties do not believe that bifurcation of trial or discovery is appropriate.

11. Pretrial Conference: The parties agree that a status conference should be scheduled

after the close of discovery. Both parties take the position that a pretrial conference should be scheduled once the Court has resolved all dispositive motions.

12. Trial Date: Plaintiff takes the position that a firm trial date should be set when the Court convenes a post-discovery status conference. Defendant proposes that the trial date be set at the final Pretrial conference, or at the Court's convenience.

13. Other Matters: Not applicable.

Respectfully submitted,


/s/                                                         /s/
ROBERT C. SELDON, Bar No. 245100    JEFFREY A. TAYLOR, Bar No. 498610
                                                            United States Attorney


/s/                                                         /s/
MOLLY E. BUIE, Bar No. 483767         RUDOPLH CONTRERAS, Bar No. 434122
Robert C. Seldon & Associates, P.C.    Assistant United States Attorney
1319 F Street, N.W., Suite 200
Washington, D.C. 20004


                                                            /s/
                                                            MARIAN L. BORUM, Bar No. 435409
                                                            Assistant United States Attorney
                                                            United States Attorney's Office
                                                            555 Fourth Street, N.W.
                                                            Civil Division
                                                            Washington, D.C. 20530


Dated: February 12, 2008

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LILIMA NAGPAL,  )<br>KRISHEN NAGPAL,  )<br>　)<br>　　Plaintiffs,  )<br>　)　　Civ. Action No.:  07-2032 (HHK)<br>　　v.  )<br>　)<br>PETER D. KEISLER  )<br>　Acting Attorney General  )<br>　U.S. Department of Justice,  )<br>　)<br>　　Defendant.  )<br>＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿) | |

## SCHEDULING ORDER

The Court, having received and reviewed the parties' Joint Report to the Court, filed pursuant to Local Civil Rule 16.3, hereby orders as follows:

1) The parties will make initial disclosures within forty-five (45) days of the issuance of this Order.

2) Discovery shall commence on April 7, 2008, and shall be concluded by September 8, 2008.

3) The parties will be limited to a total of _____ depositions per side, _____ interrogatories per side, including discrete subparts, _____ requests for production per side, and _____ requests for admission.

4) The proponent of an expert witness shall make expert disclosures at least ninety (90) days prior to trial; disclosure of rebuttal experts shall be made within _____ days after disclosure by the other party.

5) In all other respects, the parties shall be governed by the provisions of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court pertaining to the

conduct of discovery.  On a showing of good cause, either party may apply to the Court for permission to exceed the foregoing limits.

      6)  Dispositive motions, if any, shall be filed by October 23, 2008; oppositions are due by December 8, 2008; and replies, if any, are due by January 9, 2009.

      7)  A status hearing shall be held on _____, 2009.

Date: _____

_____
UNITED STATES DISTRICT JUDGE