UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LILIMA NAGPAL,<br>KRISHEN NAGPAL,<br><br>    Plaintiffs,<br><br>        v.<br><br>MICHAEL B. MUKASEY,<br> Attorney General,<br> U.S. Department of Justice,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 07-2032 (HHK)<br>)   Next Due Date: Close of Discovery<br>)   on 9/8/08<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26, the parties respectfully request that the Court enter the attached protective order to govern the production and use of confidential materials in this civil action. In support of this motion, the parties state as follows:

1. This case involves employment discrimination claims by two employees of the Federal Bureau of Investigation ("FBI"). One of the plaintiffs worked on matters for the FBI regarding weapons of mass destruction. Documents regarding this plaintiff's work are confidential and should not be placed on the public record.

2. The plaintiffs' medical records are likely to be produced during discovery in this case and may be used by both parties thereafter in this litigation.

3. The plaintiffs and the Defendant anticipate producing additional documents that may appropriately be treated as confidential.

4. The parties agree to the attached protective order, and respectfully request that the Court enter it in this case.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-616-5309
harry.roback@usdoj.gov

*Counsel for Defendant*


ROBERT C. SELDON, ESQ.
MOLLY E. BUIE, Esq.
Robert C. Seldon & Associates, P.C.
1319 F Street, NW, Suite 200
Washington, DC 20004

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LILIMA NAGPAL,<br>KRISHEN NAGPAL,<br><br>      Plaintiffs,<br><br>      v.<br><br>MICHAEL B. MUKASEY,<br> Attorney General,<br> U.S. Department of Justice,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 07-2032 (HHK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATED PRIVACY ACT AND PROTECTIVE ORDER**

This is an action in which Plaintiffs allege that the Federal Bureau of Investigation ("FBI" or "the agency") discriminated and retaliated against them in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, as well as the Age Discrimination in Employment Act, as amended, 29 U.S.C. §§621, et seq.  Each party anticipates seeking and/or disclosing personnel, medical, and other records that are likely to contain confidential information, including, but not limited to, information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, and The Health Insurance Portability and Protection Act.  In order to permit the parties to discover and disclose information relevant to this case without disclosing confidential information to the general public, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties agree and it is hereby:

ORDERED that, pursuant to this Protective Order, the FBI is authorized to release information otherwise protected by the Privacy Act without obtaining prior written consent of the individuals to whom such records pertain provided that such information is reasonably related to this litigation.  Nothing in the Protective Order is intended to limit or preclude in any

way the FBI's rights to access and review documents containing Privacy Act information.

IT IS FURTHER ORDERED, that the parties hereby stipulate to the entry of a Protective Order as follows:

Whenever counsel for any party believes that formal or informal discovery in this case, in whatever form, may reveal or has revealed information which may be within the scope of the provisions of the Privacy Act or may contain other types of confidential information, the following procedures shall be followed:

1. Counsel for the party producing records containing confidential information shall designate the information as subject to this Order by letter or by marking documents containing such information with the notation "CONFIDENTIAL" or "Subject to Protective Order." Upon request from the other party, counsel for the producing party will promptly explain its basis for designating material as being subject to the Protective Order.

2. The right of access to all records designated "CONFIDENTIAL" or "Subject to Protective Order" under this Order (unless the parties have agreed otherwise or the Court enters an order permitting disclosure) shall be limited to the plaintiffs, employees of the FBI who have a legitimate need to view the documents or information, counsel for the parties, consultants to the parties, paralegals or other assistants of counsel, expert witnesses in the parties' employ, court reporters, and any other person mutually authorized by all counsel to examine such materials. Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure order of the Court.

3. Except as provided herein, no person having access to records designated as subject to this Order shall reveal to any person not named in paragraph 2 any

information contained in such material without further order of the Court or stipulation of the parties.

4. All documents and copies of documents designated as subject to this Order shall be destroyed or returned to counsel for the producing party within sixty (60) days of the conclusion of all trial and appellate proceedings in this case at the request of the producing party. The portions of any documents created by Plaintiffs and/or their attorneys containing Privacy Act information must be destroyed within 60 days of when this litigation is concluded. Plaintiffs and their attorneys will certify to the FBI that such documents have been destroyed.

5. Nothing contained in this Order shall be construed as precluding Plaintiffs or Defendant from introducing materials that are subject to this Order, or the contents thereof, into evidence at the trial of this case or using such documents during a deposition. If, however, these documents are to be used at trial, the Court may determine and direct at that time the extent to which confidentiality shall be protected.

6. Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by a letter from counsel for the producing party or by an order of the Court. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, the Local Rules of this Court, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

7. This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order. If either party disagrees with the other party's confidential designations and if the parties are unable to resolve the disagreement, the party opposing the designation may seek an order from the Court to remove the disputed material from the

protection of this Protective Order.  Until any such disagreement is adjudicated, the party in receipt of CONFIDENTIAL records or information shall treat such information or documents in accordance with the terms of this Order.

8. Nothing in this Order shall entitle Plaintiffs or their counsel to classified information.

9. This Order does not constitute a ruling on the question of whether any particular record is discoverable or admissible.

10. A party does not waive the attorney-client and/or work product privilege by inadvertently and/or mistakenly producing such documents.  A party shall promptly return documents if opposing counsel informs them that privileged documents have been produced.

SO ORDERED.

Date: _____                                          _____
                                                                                             United States District Judge